UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Edward Lehane and</u>
<u>Marilyn Lehane</u>

   v.   Civil No. 12-cv-179-PB

<u>Wachovia Mortgage, FSB, aka</u>
<u>Wells Fargo Home Mortgage, a</u>
<u>division of Wells Fargo Bank, N.A.</u>


**<u>O R D E R</u>**

The defendant argues in a motion to reconsider that plaintiffs' wrongful foreclosure claim must be dismissed because it does not state a distinct cause of action.  This argument is incorrect because New Hampshire recognizes a distinct cause of action to enjoin a wrongful foreclosure.  <u>See</u> N.H. Rev. Stat. Ann. 479:25(II).  Whether plaintiffs' wrongful foreclosure claim is barred by the statute of limitations, however, is a separate question that the parties have not adequately briefed.  To the extent that the wrongful foreclosure claim is based on fraud that induced plaintiffs to agree to the mortgage in 2008, the claim is likely time-barred under the "concurrent remedy rule." In re Valente, 360 F.3d 256, 266 n.7.  <u>See</u> Cope v. Anderson, 331 U.S. 461, 463-64 (1947); Gilbert v. Cambridge, 932 F.2d 51, 57-58 (1st Cir. 1991).  To the extent, however, that plaintiffs

base their wrongful foreclosure claim on distinct actions that occurred within the limitations period, the claim may not be time-barred.  The parties must properly brief these issues before the court can resolve them.

The defendant has also failed to adequately brief its preemption claim.  In particular, the defendant failed to explain why the Seventh Circuit's decision in Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 577-78 (7th Cir. 2012) should be distinguished or disregarded by the court.  Accordingly, the motion to reconsider (Doc. No. 20) is denied without prejudice to defendant's right to file a new motion to dismiss addressing these issues in greater detail.  Plaintiffs are on notice that I will grant the motion without further analysis if they fail to file a timely response to the motion.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

May 22, 2013

cc:  Joseph S. Hoppock, Esq.
     Brian I. Michaelis, Esq.
     David M. Bizar, Esq.