UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


**Edward and Marilyn Lehane**

    **v.**                                                  Case No. 12-cv-179-PB
                                                                   Opinion No. 2013 DNH 114

**Wachovia Mortgage, FSB, et al.**


**MEMORANDUM AND ORDER**

Edward and Marilyn Lehane seek to enjoin Wachovia Bank from foreclosing on property they jointly own in Westmoreland, New Hampshire.  The Lehanes' claim that they are entitled to enjoin the foreclosure because Wachovia obtained the mortgage that is the subject of the foreclosure through fraud that occurred in January 2008.  In a prior order, I determined that the Lehanes' damage claims stemming from the alleged fraud are barred by the statute of limitations.  Lehane v. Wachovia Mortgage, FSB, No. 12-cv-179-PB, 2013 WL 1637166, at *3-4 (D.N.H. Apr. 16, 2013).  Wachovia has filed a motion to dismiss arguing that the Lehanes' claim for injunctive relief is also time-barred.  It alternatively argues that the injunctive relief claim is preempted by the Homeowners Loan Act ("HOLA").  I reject both arguments.

Wachovia invokes the "concurrent remedy rule" in arguing that the Lehanes cannot base their claim to enjoin the foreclosure on the 2008 alleged fraud because their fraud claim for damages arising from the same conduct is barred by the statute of limitations.  Under this rule, "equity will withhold its relief in such a case where the applicable statute of limitations would bar the concurrent legal remedy."  Cope v. Anderson, 331 U.S. 461, 464 (1947).  Although this argument has surface appeal, I ultimately find it unpersuasive.  Wachovia has failed to cite any case in which a New Hampshire court has applied the state's general statue of limitations to an action to enjoin foreclosure.  Nor has it cited any case anywhere in the United States in which a court has applied the concurrent remedy rule to bar a claim to enjoin a foreclosure.  More importantly, I question whether it would be appropriate to bar a mortgagor from challenging a foreclosure simply because it has let a comparable claim for damages lapse.  Here, the Lehanes acted promptly to enjoin the foreclosure and they obviously could not have sued to stop the foreclosure during the limitation period because there was at that time no pending foreclosure proceeding to enjoin.  Under such circumstances, it

would be inconsistent with basic principles of equity to bar the Lehanes from proceeding with their effort to enjoin the foreclosure.

Equally troubling is the fact that Wachovia's proposed use of the concurrent remedy rule would make the Lehanes' right to challenge the foreclosure dependent upon the method that Wachovia used to accomplish the foreclosure.  Under New Hampshire law, a mortgagee with a power of sale may either petition the court for a judgment of foreclosure, see N.H. Rev. Stat. Ann. §§ 479:22, 24, or proceed without judicial authorization by complying with the power of sale statute, N.H. Rev. Stat. Ann. § 479:25.  See generally, 17 Charles Szypszak New Hampshire Practice, Real Estate, §§ 4.06-07 (1st ed. 2003). If a mortgagee elects to petition the court for relief, the mortgagor plainly could assert fraud as an affirmative defense to the foreclosure action even if a claim for damages arising from the fraud was time-barred.  See, e.g., Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998) (recognizing general rule that a statute of limitations does not bar an affirmative defense).  I see no reason why the New Hampshire legislature would allow a mortgagor to assert a time-barred fraud claim as an affirmative

defense against a judicial foreclosure action but not allow an identically situated mortgagor to seek relief based on the same facts simply because the mortgagee has elected to proceed without the benefit of a foreclosure judgment. Accordingly, I reject Wachovia's claim that the Lehanes' argument for equitable relief is barred by the concurrent remedy rule.[1]

Wachovia alternatively argues that the Lehanes' injunctive relief claim is preempted by HOLA. This argument does not require extensive analysis. In Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 576-81 (7th Cir. 2012), the Seventh Circuit explained in detail why claims such as the Lehanes' claim for injunctive relief are not preempted by HOLA. I find the court's reasoning persuasive and entirely applicable to the claim at issue here. Accordingly, I decline to dismiss the injunctive relief claim based on Wachovia's contention that the claim is

---

[1] Wachovia also argues that the power of sale statute does not authorize a mortgagor to resist a foreclosure under any circumstances by challenging the validity of the mortgage. Wachovia has failed to cite any case in which a New Hampshire court has applied the statute as it suggests and I find no support in the statutory text for such a restrictive reading of the power of sale statute. Foreclosure is an equitable form of relief and I have no doubt that a mortgagor's right to challenge a foreclosure extends to situations in which the mortgage at issue was induced by fraud.

preempted by HOLA.

Wachovia's second motion to dismiss (Doc. No. 24) is denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 30, 2013

cc:   Joseph S. Hoppock, Esq.
      Brian I. Michaelis, Esq.
      David M. Bizar, Esq.